UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS

VERSUS

TRACER PROTECTION SERVICES, INC.,
ET AL

CIVIL ACTION

NO. 08-615-FJP-DLD

**<u>RULING</u>**

This matter is before the Court on the following motions: Tracer Protection Services, Inc.'s ("Tracer") motion to dismiss;[1] and plaintiff Brian Lewis' motion for judgment and payment[2] which shall be converted to a motion for summary judgment. The Court will also treat the plaintiff's motion for judgment and payment as an opposition to the motion to dismiss. For reasons set forth below, Tracer's motion to dismiss is granted in part, and the plaintiff's motion for summary judgment is denied.

The plaintiff is proceeding *pro se* in this matter. Therefore, the Court will liberally interpret the plaintiff's complaint. It is apparent in this case that the plaintiff is fully aware of the issues involved in this case, including any deficiencies in his complaint.

The issues before the Court are whether: (1) the plaintiff has

---

[1] Rec. Doc. No. 21.

[2] Rec. Doc. No. 22.

met the requirements of subject matter jurisdiction under either 28 U.S.C. § 1331 or 1332; and (2) the pleading standard set forth in *Bell Atlantic Corp. v. Twombly* has been satisfied in this case.[3] The Court will first address the subject matter jurisdiction issue because if the Court does not have subject matter jurisdiction, the suit must be dismissed.

It is well settled that "federal courts are courts of limited jurisdiction and in the absence of either federal-question or diversity jurisdiction, an action must be dismissed for lack of subject matter jurisdiction."[4] It is also settled that the burden of establishing federal jurisdiction rests on the party seeking the federal forum.[5]

A review of plaintiff's complaint reveals Lewis has not alleged that the Court has diversity jurisdiction under 28 U.S.C. § 1332.[6] To the extent the plaintiff has asserted state law claims, these claims shall be dismissed without prejudice. Therefore, only the existence of federal question jurisdiction under 18 U.S.C. § 1331 will sustain federal subject matter jurisdiction in this case. The plaintiff alleges acts of

---

[3] 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[4] *Dupre v. University Healthcare System, L.C.,* 273 F.3d 1103 (5th Cir. 2001).

[5] *Id.* at 1103.

[6] As will be seen later in this opinion, the state law claims will be dismissed without prejudice.

discrimination and harassment by his supervisors which may implicate a cause of action under Title VII.  In fact, there is a letter in the record from the EEOC which acknowledges the plaintiff has filed a complaint under Title VII with the EEOC.  The actual complaint filed by plaintiff with the EEOC is not included in the record.  The record does contain a right to sue letter issued by the EEOC to the plaintiff.

While the plaintiff's complaint fails to specifically mention which section of Title VII he is relying on, the facts alleged in the federal suit together with the letter from the EEOC and the right to sue letter sent to plaintiff by the EEOC do indicate that plaintiff is asserting a claim under Title VII.  The plaintiff in this case makes the following factual allegations in his complaint: (1) Supervisor, Murphy, continuously harassed plaintiff and falsely accused him of not making his rounds and abandoning his post area; (2) the PBX Operator, Bunnie, who was employed by Our Lady of the Lake Hospital, falsely accused Lewis of stealing keys to the church located at Our Lady of the Lake Hospital; (3) J. Smith, Tracer Security's Human Resources Manager, discriminated against plaintiff in favor of three white supervisors who are friends of Smith; and (4) plaintiff was wrongfully terminated.  The Court and the parties need the original complaint filed with the EEOC to determine the claims plaintiff may assert in this case.

To the extent the allegations set forth above are potential

federal claims under Title VII, the Court will give the plaintiff until July 31, 2009, to produce a copy of the complaint he filed with the EEOC. If the plaintiff timely files the complaint he filed with the EEOC, he may only assert in this case those claims set forth in his EEOC complaint.

Therefore:

IT IS ORDERED that the defendant's motion to dismiss is granted to the extent all state law claims shall be dismissed without prejudice.[7]

IT IS FURTHER ORDERED that plaintiff shall have until July 31, 2009, to file a copy of the complaint he filed with the EEOC. Should plaintiff fail to timely file the EEOC complaint, plaintiff's suit may be dismissed without prejudice unless the plaintiff can show good cause why his suit should not be dismissed.

IT IS FURTHER ORDERED that if plaintiff does file the complaint he filed with the EEOC, only those claims asserted in the EEOC complaint shall be permitted to be asserted in this case.

IT IS SO ORDERED.

Baton Rouge, Louisiana, July 21, 2009.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[7] The Court declines to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.